USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/2/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :     11 CR 435 (VM)
     - against -                    :
                                    :     ORDER
JOSE LOUIS MATA,                    :
                                    :
               Defendant.           :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

On March 28, 2014, the Court sentenced defendant Jose Louis Mata ("Mata") to a total term of imprisonment of 360 months, followed by three years' supervised release. (See Dkt. No. 381.) Mata is serving his sentence at FCI Gilmer.

By letter dated June 17, 2020 and received by the Court on July 1, 2020, Mata requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See Dkt. No. 73.) Mata contends that he is at high risk of contracting COVID-19 and, if he does, suffering serious illness and death. Mata notes that he is 47 and suffers from hypertension, cardiovascular disease, inflammation of lungs, epididymitis, gastro-esophageal reflux disease, mental health issues, dysphagia, congenital hiatus hernia, is a former smoker, and has a family history of colon cancer, alcohol abuse, elevated lipids, dyslipidemia, and substance abuse. He also states that he is immunocompromised and that FCI Gilmer has had confirmed cases of COVID-19. Mata

1

asks that he be placed on home confinement, with electronic monitoring, to reduce his risk of contracting COVID-19. Mata attaches as an exhibit to his letter a request for release that he submitted to the Warden of FCI Gilmer on May 1, 2020. Mata writes that, as of June 17, the Warden had not responded to his request. Mata also requests the appointment of counsel pursuant to 18 U.S.C. Section 3006A(a)(1) and (c).

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582. However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See id.

As Mata points out, the 30-day provision applies in this case. Mata submitted the request to the Warden on May 1, and, as of June 17 -- more than 30 days later -- the Warden had taken no action. See United States v. Resnick, No. 14 CR 18, 2020 WL 1651508, at *6 (S.D.N.Y. Apr. 2, 2020); cf. United

2

States v. D'Acunto, No. 18 CR 14, 2020 WL 1904007, at *2 (S.D.N.Y. Apr. 16, 2020).

However, the Court must deny Mata's request. To order a reduction in sentence under the compassionate release statute, the Court must find that "extraordinary and compelling reasons warrant such a reduction" and must consider the factors in 18 U.S.C. Section 3553(a). See 18 U.S.C. §§ 3582(c)(1)(A); 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions such as "a terminal illness" or "end-stage organ disease." Section 1B1.13 Application Note 1(A)(i). "Terminal illness" is defined as "a serious and advanced illness with an end of life trajectory" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S.S.G. § 1b1.13, Application Note 1(A)(i).

While the Court understands Mata's concerns, it is not persuaded that Mata has demonstrated the extraordinary and compelling reasons that warrant a sentence reduction at this time. Mata is not terminally ill, and he does not contend that FCI Gilmer is unable to manage his conditions. The Court observes that, as of the date of this order, the United States

Bureau of Prisons reports that no inmates or staff at FCI Gilmer currently test positive for COVID-19 and that six inmates who had COVID-19 at the facility have recovered.[1] This and other courts have denied compassionate release motions based on a determination that similarly serious medical conditions, even in the midst of the COVID-19 pandemic, do not constitute extraordinary and compelling reasons warranting a sentence reduction. See e.g., United States v. Garcia, No. 18 CR 802-04, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to 62-year-old individual with asthma, high blood pressure, high cholesterol, diminished lung capacity, and a clogged artery despite 40 documented cases of COVID-19 at the facility where he was housed); United States v. Brady, No. 18 CR 316, 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020) (acknowledging serious nature of medical conditions but denying compassionate release where conditions were stable and managed in a BOP facility although four percent of the inmates and staff at the facility tested positive for COVID-19).

    The Court recognizes that medical conditions at FCI Gilmer conceivably could change materially, so that the facility would be unable to provide Mata with health care

---

[1] See https://www.bop.gov/coronavirus/.

4

appropriate to his needs. If Mata is able to present sufficient evidence supporting such a showing, he may renew the motion at that time.

Finally, Mata provides no explanation as to why he requests appointment of counsel. In any event, as Mata's motion is unsuccessful on the merits, in accordance with its discretion, the Court denies Mata's request for the appointment of counsel at this time.

Accordingly, it is hereby

**ORDERED** that the motion of defendant Jose Louis Mata for compassionate release (Dkt. No. 381) is **DENIED**; and it is further

**ORDERED** that the request of defendant Jose Louis Mata to be appointed counsel is **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Order to defendant Jose Louis Mata.

**SO ORDERED.**

Dated:    New York, New York
          2 July 2020

_____
Victor Marrero
U.S.D.J.