USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/2/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :     11 CR 435 (VM)
                                    :
    - against -                     :     **DECISION AND ORDER**
                                    :
JOSE LOUIS MATA,                    :
                                    :
                    Defendant.      :
------------------------------------X

**VICTOR MARRERO, United States District Judge.**

On March 28, 2014, the Court sentenced defendant Jose Louis Mata ("Mata") to a total term of imprisonment of 360 months, followed by three years' supervised release. (See Dkt. No. 65.) Mata is serving his sentence at Federal Correctional Institution Gilmer ("FCI Gilmer").

By letter dated June 17, 2020, and received by the Court on July 1, 2020, Mata requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (See Dkt. No. 73.) The Court denied Mata's motion after considering the factors set forth in 18 U.S.C. Section 3553(a) ("Section 3553"). (See Dkt. No. 74 at 2-3.) The Court found that Mata had not demonstrated the "extraordinary and compelling" reasons warranting compassionate release.

In reaching this conclusion, the Court relied on Section 1B1.13 of the United States Sentencing Guidelines

1

("Section 1B1.13"). The Court explained that Section 1B1.13 provides "guidance on the circumstances under which 'extraordinary and compelling reasons' exist, including, but not limited to, serious medical conditions such as 'a terminal illness' or 'end-stage organ disease.'" (Id. at 3.) The Court found Mata did not qualify as terminally ill as defined under Section 1B1.13, and the Court denied Mata's motion for compassionate release. Mata appealed the Court's decision. (See Dkt. No. 75.)

On appeal, the Government moved to vacate the judgment on the basis that the Court decided Mata's motion without the benefit of United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), which held that Section 1B1.13 is not binding on a district court when a defendant brings a compassionate release motion. (See "Remand Order," Dkt. No. 76.) The Second Circuit Court of Appeals remanded Mata's motion for reconsideration. (See id.)

Pursuant to this Court's orders, Mata and the Government filed responses to the Remand Order. (See Dkt. Nos. 78, 82.) In his response, Mata reiterates his health conditions and his contention that these infirmities warrant "extraordinary and compelling" reasons to justify his release under Section 3582. As stated in his previous motion, 47-year-old Mata continues to suffer from

hypertension, cardiovascular disease, inflammation of lungs, epididymitis, gastro-esophageal reflux disease, dysphagia, congenital hiatus hernia, major depressive disorder, alcohol use disorder, and has a family history of colon cancer, alcohol abuse, elevated lipids, dyslipidemia, and substance abuse. (See Dkt. No. 78 at 2-3.) Mata contends that the restrictions and circumstances he faces in prison as a result of the COVID-19 pandemic have only exacerbated his significant physical and mental infirmities, and he fears serious consequences if he were to contract the virus. The Government opposes Mata's motion and notes that Mata has refused the COVID-19 vaccine. (See Dkt. No. 82 at 5.)

Section 3582 allows a court to reduce a term of imprisonment after considering the factors set forth in Section 3553(a) and upon a finding that "extraordinary and compelling reasons warrant such a reduction." Section 3582(c)(1)(A)(i). Prior to the Court of Appeal's decision in Brooker, Section 1B1.13 provided guidance as to which circumstances qualified as "extraordinary and compelling reasons." In Brooker, the Second Circuit Court of Appeals construed Section 1B1.13 as applicable only to those motions brought by the Bureau of Prisons ("BOP"). See 976 F.3d at 234-36. Thus, post-Brooker, courts are authorized "to consider the full slate of extraordinary and compelling reasons that an

3

imprisoned person might bring before [the court] in motions for compassionate release." Id. at 237.

Having reconsidered all of Mata's reasons,[1] without Section 1B1.3 imposing any limit on the Court's discretion, the Court remains unpersuaded that 47-year-old Mata's circumstances are "extraordinary and compelling." Courts post-Brooker have denied compassionate release motions based on a determination that similarly serious medical conditions do not constitute extraordinary and compelling reasons warranting a sentence reduction. See e.g., United States v. Wright, No. 15 CR 445, 2022 WL 134870, at *6 (S.D.N.Y. Jan. 13, 2022) (denying compassionate release to individual at FCI Gilmer with asthma who refused COVID-19 vaccine); United States v. Jaber, No. 13 CR 485, 2022 WL 35434, at *1 (S.D.N.Y. Jan. 4, 2022) (denying compassionate release to individual with coronary artery disease, hypertension, and depression); United States v. Brown, No. 18 CR 339, 2021 WL 5233506, at **2-3 (S.D.N.Y. Nov. 10, 2021) (denying compassionate release to individual with obesity, high blood pressure, sleep apnea, and heart

---

[1] Mata's latest submission notes that he has attempted to cooperate with the King's County District Attorney's Office, but he admits that the Office has not followed-up on the information he provided. (See Dkt. No. 78 at 2.) While the Court commends Mata's efforts to cooperate, these efforts do not meet the "extraordinary and compelling" standard warranting a reduction in his sentence.

4

problems).

Further, Mata does not contend that FCI Gilmer is unable to manage his health conditions, and in regard to his risk of contracting COVID-19 at FCI Gilmer, the facility currently has three inmate cases of COVID-19 and 13 cases among staff. (See Dkt. No. 82 at 5.) These numbers pale in comparison to when Mata first made his motion. Additionally, Mata's refusal to receive a COVID-19 vaccine calls into doubt the legitimacy of his fears. Mata "cannot reasonably claim that his increased risk exposure to COVID-19 warrants a sentence reduction when he has declined to take the one action that -- incarcerated or not -- would materially reduce the risks to him from COVID-19." Wright, 2022 WL 134870, at *6.

For all these reasons, the Court finds that Mata has failed to establish the "extraordinary and compelling" reasons necessary to warrant a reduction in Mata's term of imprisonment.

Accordingly, it is hereby

**ORDERED** that the motions of defendant Jose Louis Mata for compassionate release (Dkt. Nos. 73, 78) are **DENIED**. The Clerk of Court is respectfully directed to mail a copy of this Order to defendant Jose Louis Mata.

**SO ORDERED.**

Dated: New York, New York
      2 February 2022

                                            Victor Marrero
                                            U.S.D.J.