**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA

              - against -

JOSE LUIS MATA,

                          Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/23/2024
```

**11 Cr. 435 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    Before the Court is the *pro se* motion of defendant Jose Luis Mata ("Mata") for a sentence reduction under 18 U.S.C. § 3582(c)(2) ("Section 3582"). Mata's application is based primarily on Amendments 820 and 821 to the United States Sentencing Guidelines that took effect on November 1, 2023, and apply retroactively. ("Motion" or "Mot.," Dkt. No. 90.) The United States Probation Department ("Probation") issued a supplemental presentence report indicating that Mata is not eligible for a sentence reduction. (Dkt. No. 92.)[1] The Government filed an opposition to Mata's motion for a sentence reduction. (Dkt. No. 95.) After considering the record in this case and Mata's submission, the Court agrees that Mata is precluded from receiving a sentence reduction under Section 3582.

---

[1] Dkt. No. 92 contains both the supplemental presentence report from October 7, 2024, and the final presentence report from March 7, 2013. To avoid confusion, the Court cites to the ECF page numbers in Dkt. No. 92, not the pages numbers in the supplemental and final presentence reports.

1

## I. BACKGROUND

On June 13, 2012, Mata pleaded guilty to one count of conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 ("Count One") and one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) ("Count Two"). (See Dkt. Minute Entry for June 13, 2012.) On March 28, 2014, Mata was sentenced by this Court to 240 months on Count One and 120 months on Count Two to run consecutively, for a total of 360 months' imprisonment. (See Dkt. Minute Entry for Mar. 28, 2014; Dkt. No. 65.)

## II. DISCUSSION

When presented with a motion to reduce a sentence pursuant to Section 3582, the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010) ("[Section] 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.").

If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission," which are contained in Guidelines Section 1B1.10. United States v. Martin, 974 F.3d 124, 136 (2d Cir. 2020) (citation and alterations omitted). However, courts may not reduce a term of imprisonment under Section 3582 "to a term less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

1. AMENDMENT 821

Mata argues that he is eligible for a sentence reduction based on Part A of Amendment 821, which amended Sentencing Guidelines Section 4A1.1 by eliminating the two "status points" a defendant received for committing the offense while under a criminal justice sentence, so long as the defendant otherwise has less than seven criminal history points. See U.S.S.G. § 4A1.1(e). (Mot. at 1.) At the time of sentencing in March 2014, Mata had a subtotal criminal history score of

six[2] and two points were added pursuant to Section 4A1.1(d) because Mata was on parole at the time he committed the offense in this case. (Dkt. No. 92 at 17.) With the two-point enhancement, Mata had a Category IV criminal history. Amendment 821 removes the two-point enhancement and retroactively brings Mata's criminal history to Category III. (See Dkt. No. 92 at 2-3.)

This reduction of status points, however, does not lower Mata's Guidelines range of 360 months' to life imprisonment. (Dkt. No. 92 at 3.) See also U.S.S.G. § 5(A), Sentencing Table. Mata was sentenced to a term of 360 months, the lowest end of the Guidelines range, pursuant to the statutory maximum terms for Counts I and II.[3] The Court cannot reduce Mata's

---

[2] Mata argues that Probation erroneously included Mata's 2008 felony conviction, for which he was sentenced to 60 months' imprisonment, as a "prior sentence" in the criminal history points calculation. (See Mot. at 2; Dkt. No. 92 at 15-16.) According to Mata, the 2008 felony conviction was not a "prior sentence" because the crime underlying the 2008 felony conviction was committed after the offense was committed in this case. (See Mot. at 2.) However, under Section 4A1.2(a), a "prior sentence" "is not directed at the chronology of the conduct, but the chronology of the sentencing." United States v. Lopez, 349 F.3d 39, 40 (2d Cir. 2003) (citation omitted). Thus, the 2008 felony conviction was correctly included as a "prior sentence" in the criminal history points calculation, even though it was based on conduct that occurred after the offense at issue in this case. Id. at 41.

[3] Mata separately argues that the terms of imprisonment for Counts One and Two should have run concurrently, not consecutively. (Mot. at 4-5.) Not so. This Court lawfully exercised its discretion in imposing consecutive sentences for Counts One and Two. See Setser v. United States, 566 U.S. 231, 236 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose.").

sentence to "a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range." Young, 998 F.3d at 46 n.1. Accordingly, recalculation of Mata's "status points" does not change his sentence of 360 months' imprisonment and he is ineligible for any reduction under Section 3582. See United States v. Budovsky, No. 13 CR 368-4, 2024 WL 1676337, at *2 (S.D.N.Y. Apr. 18, 2024).

2. AMENDMENT 820

Mata also argues that he is eligible for a sentence reduction under Amendment 820 because he was improperly denied a one-level "acceptance of responsibility" reduction in the offense level calculation under Section 3E1.1(b) of the Guidelines. At the outset, the Court notes that whether the offense level is reduced by one level does not change the Guidelines sentencing range of 360 months' to life imprisonment.[4] Regardless, the Court finds Mata's Amendment 820 argument unpersuasive.

"Section 3E1.1 provides that a criminal defendant may receive up to a three-level reduction in the offense level calculation." United States v. Lee, 653 F.3d 170, 173 (2d

---

[4] At sentencing, Mata's offense level was 41. (Dkt. No. 67 at 13.) Even with Mata's retroactively adjusted Category III criminal history, the Guidelines range for an offense level of 40 or 41 remains the same: 360 months' to life imprisonment. See U.S.S.G. § 5(A), Sentencing Table.

Cir. 2011). Section 3E1.1(a) allows a sentencing court to decrease a defendant's offense level by two levels where the defendant has accepted responsibility for his offense. United States v. Vargas, 961 F.3d 566, 571 (2d Cir. 2020). Subsection (b), which is at issue here, allows for a further one-level decrease if (1) the defendant qualifies for a reduction under subsection (a); (2) the defendant's offense level prior to the application of subsection (a) is level 16 or higher; and (3) the government files a motion stating that the defendant timely notified authorities of his intention to enter a guilty plea, allowing the government to avoid substantive preparations for trial. U.S.S.G. § 3E1.1(b); Vargas, 961 F.3d at 571.

The Sentencing Commission added subsection (b) as incentive for defendants "to offer to plead guilty at an early enough stage of the process to save the government the expense and burden not only of a *trial*, but also of the intensive *preparation* required for a scheduled trial." Vargas, 961 F.3d at 573. Interpreting subsection (b), federal circuit courts were divided on whether the government could withhold a reduction motion if a defendant moved to suppress evidence or raised sentencing challenges. See U.S.S.G. Am. 820. In response to the circuit split, Amendment 820 clarified that

the government may not withhold a subsection (b) motion on the basis of a suppression hearing or sentencing challenges. See id.; see also Lee, 653 F.3d at 174 (holding that a defendant's good-faith request to resolve a factual dispute at the sentencing stage "is not a permissible reason for the government to refuse to make the § 3E1.1(b) motion, even if resolution of the dispute requires a *Fatico* hearing").

Here, it is undisputed that Mata meets the first two requirements of subsection (b)[5] and that the Government did not file a motion addressing the additional level reduction. Mata argues that the Government wrongly withheld a subsection (b) motion because after he pleaded guilty, the Court held a Fatico hearing to resolve whether Mata shot and killed the victim in self-defense. (See Mot. at 2.) According to Mata, Amendment 820 requires that he be awarded the one-level reduction under subsection (b). (Id.)

Amendment 820 is inapplicable here because the Fatico hearing was irrelevant to the subsection (b) determination. Rather, the parties stipulated in the plea agreement that the one-level reduction under subsection (b) was not warranted, which was incorporated into the presentence report. (See Plea

---

[5] At sentencing, Mata had a base offense level of 43 before this Court granted the two-point downward adjustment under Section 3E1.1(a). (Dkt. No. 67 at 13.)

Agreement at 3; Dkt. No. 92 at 9.) At sentencing, the Government did not file a subsection (b) motion based on this stipulation, nor did Mata object to including in the presentence report language providing that the parties agreed a subsection (b) reduction was not warranted.

Absent a government motion under subsection (b), a sentencing court may grant the additional level reduction under subsection (b) only if the government's refusal to file a motion is (1) based on an unconstitutional motive or (2) where the plea agreement "leaves the decision to move to the government's discretion and the government acts in bad faith." See Lee, 653 F.3d at 173. Neither exception applies here. As explained above, the Government did not file a reduction motion because the parties stipulated that a subsection (b) reduction was not warranted. There is nothing in the case record suggesting that the Government's adherence to the plea agreement was based on an unconstitutional motive. Nor did the plea agreement give the Government discretion to move for a subsection (b) reduction. (See Plea Agreement at 3.) Thus, there is no basis warranting a level reduction under Section 3E1.1(b).

### 3. BASE OFFENSE LEVEL CALCULATION

Finally, Mata argues that he is eligible for a sentence reduction because Probation erroneously used a combined offense level based on the two counts of conviction, rather than calculating the offense levels separately. (Mot. at 3-5.) This argument is meritless and outside the scope of a Section 3582 motion. (See also Dkt. No. 92 at 1 n.1.) Amendments 820 and 821 are inapplicable here and Mata points to no other Guidelines Amendment that authorizes the Court to reduce his sentence on the basis of grouping offense levels. See 18 U.S.C. § 3582(c)(2); see also Zapatero, 961 F.3d at 127-28.

Further, under Guidelines Section 3D1.2(a), "[a]ll counts involving substantially the same harm shall be grouped together into a single Group . . . [w]hen counts involve the same victim and the same act or transaction." Counts One and Two were appropriately grouped together because in furtherance of the armed robbery conspiracy, Mata shot and killed the victim. (Dkt. No. 92 at 8.) There is no basis for an offense level recalculation here.

## III. ORDER

Accordingly, it is hereby

**ORDERED** that the Motion of defendant Jose Luis Mata ("Mata") for a Sentence Reduction under 18 U.S.C. § 3582(c)(2) and the United States Sentencing Guidelines (Dkt. No. 90) is **DENIED** as the Court finds that Mata is ineligible to be granted such relief.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 90. The Clerk of Court is also respectfully directed to mail a copy of this Order to Jose Luis Mata, Register Number 64364-053, FCI Gilmer, PO Box 6000, Glenville, WV, 26351, and note service on the docket.

**SO ORDERED.**

Dated:     December 23, 2024
           New York, New York

_____
Victor Marrero
U.S.D.J.