**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

             - against -

JOSE LUIS MATA,

                       Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2025

**11 Cr. 435 (VM)**

<u>ORDER</u>

**VICTOR MARRERO, United States District Judge.**

    Before the Court is the *pro se* motion of defendant Jose Luis Mata ("Mata") for reconsideration of the Court's Decision and Order ("D&O") dated December 23, 2024, which denied Mata's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) ("Section 3582"). The Court grants the request for reconsideration on the basis that the Court ruled on the motion for a sentence reduction before receiving Mata's reply submission. (<u>See</u> Dkt. No. 98.) Upon reconsideration and review of Mata's reply submission, the Court finds that Mata has not submitted any new law or facts that would alter the outcome of the D&O. The Court hereby denies Mata's motion for reconsideration.

    Whether to grant or deny a motion for reconsideration is within the sound discretion of the Court. <u>United States v. Ng Lap Seng</u>, No. 15-Cr-706, 2021 WL 961749, at *3 (S.D.N.Y. Mar. 15, 2021). Reconsideration of a prior order is an "extraordinary remedy to be employed sparingly in the

interests of finality and conservation of scarce judicial resources." <u>Sikhs for Just. v. Nath</u>, 893 F. Supp. 2d 598, 605 (S.D.N.Y. 2012) (citation omitted). A party seeking reconsideration cannot repeat "arguments already briefed, considered and decided" or "advance new facts, issues or arguments not previously presented to the Court." <u>Id.</u> (citation omitted). The standard of review for a motion for reconsideration is "strict," and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995).

In both his reply and motion for reconsideration, Mata fails to point to law or facts that the Court did not take into account in the D&O and that may materially alter the Court's judgment. <u>See</u> <u>United States v. Guerrero</u>, No. 91-Cr-493, 2009 WL 1110555, at *1 (S.D.N.Y. Apr. 23, 2009). Rather, Mata has largely repeated arguments already considered and rejected by the Court in the D&O. "A motion for reconsideration is not intended as a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." <u>United States v. Bryant</u>, No. 06-Cr-00017, 2021 WL 22608, at *1 (S.D.N.Y.

Jan. 4, 2021). Accordingly, the Court denies the motion for reconsideration.

The Clerk of Court is hereby respectfully directed to terminate the motion at Dkt. No. 99. The Clerk of Court is also respectfully directed to mail a copy of this Order to Jose Luis Mata, Register No. 64364-053, FCI Gilmer, PO Box 6000, Glenville, WV, 26351, and note service on the docket.

**SO ORDERED.**

Dated:   3 February 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.