USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/30/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

- against -

JOSE LUIS MATA,

Defendant.

**11 CR 435 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

By letter, dated September 24, 2026, defendant Jose Luis Mata ("Mata" or "Defendant") mailed to the Court a *pro se* request for appointment of counsel. (See Dkt. No. 112.) For the following reasons, Mata's request for appointment of counsel is denied without prejudice.

"In criminal matters, the right to appointed counsel extends to the first appeal of right, and no further." United States v. Broadnax, No. 15-CR-878, 2023 WL 6533489, at *1 (S.D.N.Y. Oct. 6, 2023) (citation omitted). "Courts have no obligation 'to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief.'" United States v. Mashinsky, No. 23-CR-347, 2026 WL 1042676, at *1 (S.D.N.Y. Apr. 17, 2026) (quoting Johnson v. Avery, 393 U.S. 483, 488 (1969)). "The initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." Id.

The Court "has discretion to appoint counsel in the interest of justice." Wells v. King, No. 25-CV-5651, 2025 WL 3274229, at *1 (S.D.N.Y. Oct. 27, 2025). However, for the Court to order the appointment of counsel, "the petitioner must, as a threshold matter, demonstrate that his claim has substance or a likelihood of success on the merits." United States v. Williams, No. 17-CR-402, 2020 WL 5912325, at *1 (S.D.N.Y. Oct. 6, 2020). "Only after this threshold showing has been met can the Court consider the other factors appropriate to determination of whether counsel should be appointed: 'plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity.'" Id. (quoting Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989)).

Here, Mata's motion for appointment of counsel is a generalized request for an attorney to help him evaluate his legal options and is not made in connection with any specific claim for sentence reduction or other post-conviction relief. (See Dkt. No. 112.) However, as a threshold matter in determining whether to appoint counsel, the Court must assess whether the petitioner's claims have substance or a

likelihood of success on the merits. Because Mata has identified no specific claim for sentence reduction or other post-conviction relief, the Court cannot make that threshold determination. Accordingly, Mata's motion for appointment of counsel is denied without prejudice. In the future, Mata may renew his request for appointment of counsel in connection with specific claims for relief that would permit the Court to assess their substance or likelihood of success on the merits.

## I. ORDER

Accordingly, it is hereby

**ORDERED** that the motion of Jose Luis Mata for appointment of counsel (Dkt. No. 112) is **DENIED WITHOUT PREJUDICE.**

The Clerk of Court is respectfully directed to mail a copy of this Decision and Order to Jose Luis Mata, Register Number 64364-053, FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ, 08640, and note service on the docket.

**SO ORDERED.**

Dated: 30 September 2026
New York, New York

Victor Marrero
U.S.D.J.